UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAREK T. THABATA,

      Plaintiff,

v.

BANK OF AMERICA, NA,

      Defendant.

_____/

CASE NO. 2:13-cv-12606

HON. MARIANNE O. BATTANI

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION

This matter is before the Court on Defendant Bank of America's Motion to Dismiss pursuant to Fed. R. Civ. P. 37 and 41(b) (Doc. 15) and Motion for Summary Judgment (Doc. 14). Plaintiff, Tarek Thabata, filed a Complaint in Washtenaw County Circuit Court seeking to quiet title and alleging breach of foreclosure procedures set forth in Mich. Comp. Laws § 600.3205 *et seq.* (Doc. 1, Ex. 1.) Defendant removed the action to this Court. (Doc. 1.) Defendant filed its Motion to Dismiss based on Plaintiff's alleged failure to prosecute, failure to comply with a Court order, and failure to make disclosures or to cooperate in discovery. (Doc. 15.) In the Motion for Summary Judgment, Defendant argues that Plaintiff lacks standing because the redemption period has expired and that Plaintiff cannot show the existence of prejudicial fraud or irregularity in the foreclosure process. (Doc. 14.) In response to these motions, Plaintiff asserts that there is no other discoverable material or testimony that will help Defendant's case. (Doc. 18.) Moreover, Plaintiff claims that Defendant's

noncompliance with the foreclosure statute prejudiced Plaintiff's position to preserve his interest in the property. (Doc. 17.) For the reasons stated on the record at hearing, the Court **DENIES** Defendant's Motion to Dismiss, and for the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## II.    STATEMENT OF FACTS

On August 31, 2001, Plaintiff entered into a mortgage and loan agreement with ABN AMRO Mortgage Group, Inc., in the amount of $282,260.00, secured by a home located at 4604 Nutmeg Drive, Ypsilanti, Michigan ("the Property"). (Doc. 14, Ex. 1.) ABN AMRO later assigned its interest in the mortgage to LaSalle Bank Midwest, NA, Bank of America's predecessor. (Id. at Ex. 2.) In early 2009, Plaintiff defaulted on his mortgage payments. (Id. at Ex. 3.) On February 4, 2010, Defendant sent Plaintiff a demand letter accelerating the total mortgage indebtedness. (Id. at Ex. 4.) Defendant also sent Plaintiff a notice on February 5, 2010, stating that Plaintiff had the right to request a meeting with Defendant's agent in order to discuss modification of the mortgage loan. (Id. at Ex. 5.) The notice further stated that Plaintiff must request such a meeting within fourteen days of the date the notice was mailed and that such a request would postpone any foreclosure proceedings for ninety days. On February 11, 2010, Defendant published a notice to the same effect in the Washtenaw County Legal News. (Id. at Ex. 6.)

On August 31, 2010, Defendant mailed to Plaintiff an information packet regarding potential modification of his mortgage. (Id. at Ex. 7.) On March 20, 2012, Defendant approved Plaintiff for modification based on a conditional Trial Period Plan. (Id. at Ex. 8.) According to this plan, Plaintiff would be required to submit payments of

$3,347.79, on May 1, June 1, and July 1, 2012. (Id.) The plan specified that if Plaintiff made these payments on time and continued to meet all of the eligibility requirements, his loan would be permanently modified. (Id.) Plaintiff made payments on May 9, July 3, and August 7, 2012. (Id. at Ex. 3.) Defendant subsequently sent Plaintiff a letter denying his continued mortgage modification because he had failed to make these payments on time. (Id. at Ex. 9.)

On March 11, March 18, March 25, and April 1, 2010, Defendant published in the Washtenaw County Legal News a notice stating that Plaintiff's mortgage would be foreclosed by a sheriff's sale of the Property on April 8, 2010. (Id. at Ex. 15.) Defendant also affixed this notice to the front door of the Property. (Id.) However, the sheriff's sale was adjourned until March 28, 2013, while Defendant evaluated loss mitigation options. (Id. at Exs. 14, 15.) At the sheriff's sale, Defendant purchased the Property for $172,000.00 and took title per a Sheriff's Deed on Mortgage Sale, subject to Plaintiff's six-month statutory right to redeem. (Id. at Ex. 15.) The six-month redemption period expired on September 28, 2013.

Plaintiff did not redeem the property but rather filed the present action on May 8, 2013, in Washtenaw County Circuit Court. (Doc. 1, Ex. 1.) He alleges three causes of action: (1) quiet title, (2) breach of Mich. Comp. Laws § 600.3205 *et seq.*, and (3) deceptive act and/or an unfair practice. Plaintiff seeks entry of an order setting aside the foreclosure sale and granting him title to the Property because Defendant failed to comply with the statutory foreclosure procedures.

### III.   STANDARD OF REVIEW

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." State Farm Fire & Cas. Co. v. McGowan, 421 F.3d 433, 436 (6th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" Brown v. Scott, 329 F. Supp. 2d 905, 910 (6th Cir. 2004).  Mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248, 251.

**IV.    DISCUSSION**

After a sheriff's sale, a mortgagor has a statutory right to redeem the property by paying a requisite amount within six months of the sale.  Mich. Comp. Laws § 600.3240.  Where, as here, the mortgaged property is not redeemed within six months, the mortgagor's rights in the property are extinguished, and the sheriff's deed vests with the purchaser all rights, title, and interest.  Yono v. Deutsche Bank Nat'l Trust Co., No. 13-13218, 2014 U.S. Dist. LEXIS 25826 at *6 (E.D. Mich. February 28, 2014).  Filing a lawsuit prior to the expiration of the redemption period does not toll the redemption period.  Id.  Once the statutory deadline for redeeming a foreclosed property has expired, the foreclosure sale may be set aside only by a clear showing of fraud or irregularity in the foreclosure proceedings.  See Overton v. Mortg. Elec. Registration Sys., No. 284950, 2009 Mich. App. LEXIS 1209 at *3 (Mich. Ct. App. May 28, 2009).  This fraud or irregularity must have resulted in prejudice to the plaintiff such that he would have been in a better position to preserve his interest in the property absent the defendant's noncompliance with the statute.  Yono, 2014 U.S. Dist. LEXIS 25826 at *9.

Plaintiff cites to Mitan v. Federal Home Loan Mortgage Corp., 703 F.3d 949 (6th Cir. 2012), arguing that a violation of the statutory foreclosure procedures results in a void foreclosure sale and a redemption period that never began.  This reliance on Mitan is misplaced, as the case is recognized to have been overruled by the Michigan Supreme Court in Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98 (2012).  Yono, 2014 U.S. Dist. LEXIS 25826 at * 11.  According to Kim, "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*."  493 Mich. at 115.

Plaintiff alleges several irregularities in the loan modification procedures set forth in Mich. Comp. Laws § 600.3205a-c.  He contends that Defendant failed to send him

5

notice of his right to participate in modification negotiations; that Defendant failed to determine whether he was eligible for modification; and that Defendant failed to send him a denial letter with required calculations.  However, if a borrower and mortgage holder have previously agreed to modify the mortgage loan, sections 3205a, 3205b, and 3205c "do not apply unless the borrower has complied with the terms of the mortgage loan, as modified, for 1 year after the date of the modification."  Mich. Comp. Laws § 600.3205a(6).  In the present case, the parties attempted to modify the loan pending a three-month Trial Period Plan.  (Doc. 14, Ex. 8.)  Plaintiff's payments were untimely (see id. at Ex. 3), and Defendant consequently found him to be ineligible for further modification (id. at Ex. 9).  Because Plaintiff failed to comply with the terms of the Trial Period Plan for a full year, Defendant was not bound to follow the loan modification requirements of sections 3205a-c.

    Even if Defendant had been compelled to abide by the statutory loan modification procedures, the evidence demonstrates that it complied with these requirements.  Defendant mailed the letter notifying Plaintiff of his right to contact a housing counselor and request a loan modification meeting with Defendant's agent within fourteen days.  See Mich. Comp. Laws § 600.3205a(1).  A notice to the same effect was published in the Washtenaw County Legal News within seven days after mailing this letter.  See Mich. Comp. Laws § 600.3205a(4).   Plaintiff has not shown or alleged that he requested this meeting.  See Mich. Comp. Laws § 600.3205b.  Although Defendant has not shown that it mailed the required calculations in the denial letter, as per section 3205c, Plaintiff's remedy for violation of this provision would have been limited to conversion of the foreclosure by advertisement to a judicial foreclosure prior to the sale

of the Property. See Mich Comp. Laws § 600.3205c(8); Smith v. Bank of Am. Corp., 485 F. App'x 749, 756 (6th Cir. 2012) ("[Plaintiffs] brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert"). Therefore, Plaintiff's claims of irregularity are without merit.

Next, Plaintiff alleges that Defendant violated Mich. Comp. Laws § 600.3208 by failing to post a copy of the notice of foreclosure in a conspicuous place on the property. Section 3208 requires that a notice of foreclosure by a sale of the premises shall be published once a week for four successive weeks and shall be posted in a conspicuous place on the premises within 15 days after the first publication. Defendant has offered affidavits attesting that such notice was published in the Washtenaw County Legal News on March 11, March 18, March 25, and April 1, 2010, and was affixed to the front door of the Property on March 17, 2010. (Doc. 14, Ex. 15.) The Court thus finds that Defendant complied with this statutory provision.

Plaintiff's Complaint lastly asserts a claim of deceptive acts and/or unfair practices, stating that Defendant submitted affidavits with procedural defects; that John T. Harrison executed an affidavit without personal knowledge; and that Defendant violated the statutory loan modification and foreclosure procedures. (Doc. 1, Ex. 1, ¶ 35-37.) The allegations regarding the failure to comply with the statutory procedures have already been addressed. To the extent that Plaintiff alleges procedural defects in the affidavits, there appears to be none, and Plaintiff fails to identify specific flaws. John Harrison's affidavit merely attests to the date of expiration of the redemption period and the amount necessary to redeem the Property, both facts of which Harrison, Defendant's counsel, no doubt had knowledge. (See Doc. 14, Ex. 15.)

7

Accordingly, Plaintiff's baseless allegations fail to demonstrate fraud or irregularity in the foreclosure process. Therefore, the Court may not set aside the sheriff's sale. Because the redemption period has expired without Plaintiff redeeming the Property, title has vested in the purchaser pursuant to the Sheriff's Deed on Mortgage Sale. See Yono, 2014 U.S. Dist. LEXIS 25826 at *6.

## V. CONCLUSION

For the reasons stated on the record at hearing, the Court **DENIES** Defendant's Motion to Dismiss. However, for the reasons set forth in this Opinion, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Date: September 25, 2014

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2014.

s/ Kay Doaks
Case Manager